J-A27011-22

2023 PA Super 21

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
           v.                        :
                                 :
                                 :
REX ALLEN STOOPS            :
                                 :
          Appellant          :   No. 459 MDA 2022

Appeal from the Order Entered February 10, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001017-2019

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

CONCURRING OPINION BY COLINS, J.:      **FILED: FEBRUARY 14, 2023**

I concur in the affirmance of the trial court's February 10, 2022 order, but I respectfully disagree with the Majority to the extent it relies solely on the fact that "the damages [to the Waynesboro Police Department vehicles] would not have occurred absent Appellant's criminal conduct," Majority Opinion at 5, and ignores Appellant's contention that the criminal episode had ceased at the time of the impact between the police vehicles and his own. **See** Appellant's Brief at 13-14 (arguing that the "separate, intervening and unnecessary decision by" the officer to ram his vehicle "caused the damage to the [police] vehicles"). While this Court employs a "but-for" test to determine the correct amount of restitution, **Commonwealth v. Risoldi**, 238 A.3d 434, 461 (Pa. Super. 2020), we further require that there be a "a direct nexus

_____

[*] Retired Senior Judge assigned to the Superior Court.

between the restitution ordered and the crime for which the defendant was convicted." **Commonwealth v. Solomon**, 247 A.3d 1163, 1170 (Pa. Super. 2021) (*en banc*) (citation omitted); **see also** 18 Pa.C.S. § 1106(a)(1) (requiring restitution as part of sentence for damage to victim's property that is "a direct result of the crime"); **Risoldi**, 238 A.3d at 461. Therefore, restitution is proper only where the victim suffered "a loss that flows from the conduct that forms the basis of the crime for which the defendant is convicted." **Solomon**, 247 A.3d at 1170 (citation omitted); **see also Risoldi**, 238 A.3d at 461. To the extent that the Majority suggests Appellant's initial flight from police is sufficient by itself to support restitution for the damage to police vehicles, that would broaden the scope of restitution in future cases beyond that permitted by the statute and our prior caselaw.

Nevertheless, the restitution award was well-supported by the cogent analysis set forth by the trial court in its order denying Appellant's request to vacate the restitution portion of his sentence. The trial court reviewed the motor vehicle recordings from the two damaged police vehicles and found that Appellant had only stopped for "mere seconds" before the officer struck his vehicle from behind. Order, 2/10/22, at 1, 3. In addition, the court noted that Appellant never undertook any action that would have signaled his full surrender to authorities, such as by placing his vehicle in park, turning off the engine, and exiting at the same time as his passenger. **Id.** at 3. Therefore, the court determined that at the time that Appellant's vehicle was struck, it was reasonable for the officers to believe that Appellant's flight from

apprehension had not yet concluded. ***Id.*** Having found that the events "set in motion by [Appellant's] initial flight were continuing" at the time of impact between the vehicles, the court concluded that "the damage to the cruisers was a direct result of the Waynesboro Police Department attempting to stop [Appellant]'s vehicle after pursuit though the borough of Waynesboro." ***Id.*** The trial court's analysis after its review of the evidence thus supports the determination that there was a direct nexus between the damage to the police vehicles and Appellant's convictions for fleeing or attempting to elude a police officer and recklessly endangering another person. ***See Solomon***, 247 A.3d at 1170; ***Risoldi***, 238 A.3d at 461.